UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Magistrate Case No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section 1324(a)(2)(B)(iii)- |
| **Reylando SEGURA** ) | Bringing in Illegal Aliens |
| ) | Without Presentation |
| ) | |
| ) | |
| Defendant ) | |
| _____) | |

The undersigned complainant being duly sworn states:

On or about **June 6, 2008**, within the Southern District of California, defendant **Reylando SEGURA**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Arvey Rolando LOPEZ-Vazquez**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 9th DAY OF **JUNE, 2008.**

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer Michael J. Prado, declare under penalty of perjury the following to be true and correct:

The complaint states that **Arvey Rolando LOPEZ-Vazquez** is citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material, that it is impracticable to secure his attendance at the trial by subpoena and that he is a material witness in relation to this criminal charge and should be held or admitted to bail as prescribed in Title 18, United States Code, Section 3144.

On June 06, 2008 at approximately 8:25 P.M., **Reylando SEGURA (Defendant)** made application for admission into the United States from Mexico through the San Ysidro Port of Entry as the driver of a 2002 Chevrolet Suburban. During pre-primary inspection, a Customs and Border Protection (CBP) Canine Officer noticed his narcotic-human detector dog alert to the vehicle. In response, the CBP Canine Officer immediately obtained a U.S. Passport and California Drivers license from Defendant and called for assistance. Upon inspection before a CBP Officer, Defendant gave a negative declaration, stated he was going to his home in San Diego, California. Defendant showed signs of nervousness because the CBP Officer noticed Defendant repeatedly stuttered his answers and spoke in a low voice which required the CBP Officer to have Defendant repeat his answers. Furthermore, the CBP Officer noticed Defendant shifted in his seat and avoided eye contact. Another CBP Officer inspected the undercarriage of the vehicle and saw a non-factory compartment built to the floor of the vehicle.

In secondary, an inspection of the vehicle was conducted which revealed two individuals concealed in two separate non-factory compartments located on the undercarriage of the vehicle. The two non-factory compartments ran length-wise parallel to the chassis of the vehicle. The two separate non-factory compartments were described as being coffin-like with both entrances being located under the second row bench seat of the vehicle. Two males were extracted after removing the rear seat. In order to remove the seat, two nuts had to be unfastened. The factory fuel tank was removed in order to accommodate one of the non-factory compartments. Therefore, a new non-factory tank was placed on the undercarriage under the rear cargo area. The fuel line was also re-routed to accommodate the new fuel tank. Both individuals admitted to being citizens of Mexico with no entitlements to enter or reside in the United States. One of the males identified as **Arvey Rolando LOPEZ Vazquez** is now a **Material Witness** to the case.

Further inspection of the documents presented by Defendant revealed that the U.S. Passport was altered and the California Drivers license was a counterfeit.

During a videotaped proceeding, Defendant was advised of his Miranda Rights. Defendant acknowledged his rights and elected to answer questions without an attorney present. Defendant admitted he knew there was something concealed in the vehicle but did not know if it was drugs or people. Defendant admitted the documents he provided were no good. Defendant stated the reason he was driving the vehicle into the United States was because he was forced. Defendant stated he was forced because he owed a taxi cab driver $20.00 (USD).

**Probable Cause Statement Continued**

**Continued Probable Cause Statement**

During a video taped interview, Material Witness admitted he made the smuggling arrangements on his own with an unknown man in Tijuana, Mexico. Material Witness stated his intended destination was to go to Shelton, Washington to seek employment with his brother. Material Witness stated he was to pay a smuggling fee of $3,500.00 to be smuggled into the United States. Material Witness stated he was in this compartment for approximately thirty minutes prior to being removed. Material Witness stated he was unable to exit on his own and required assistance to exit.

Executed on this 7th day of **June 2008** at 9:00 AM

_____
Michael J. Prado / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (2) page(s), I find probable cause to believe that the defendant named therein committed the offense on **June 6, 2008** in violation of Title 8, United States Code, Section 1324.

_____          6/7/2008 at 3:45 p.m.
MAGISTRATE JUDGE                          DATE / TIME